Gzj kdkv'6"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| SAZERAC COMPANY, INC., | § | |
| | § | |
| *Plaintiff and Counter-Defendant,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:23-CV-25-GNS |
| REPUBLIC NATIONAL DISTRIBUTING | § | |
| COMPANY, LLC, | § | |
| | § | |
| *Defendant and Counter-Plaintiff.* | § | |
| | § | |

**REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC'S
OBJECTIONS AND RESPONSES TO SAZERAC COMPANY, INC.'S
<u>THIRD SET OF REQUESTS FOR PRODUCTION</u>**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Republic National Distributing Company, LLC ("RNDC") serves these Objections and Responses to Sazerac Company, Inc.'s ("Sazerac") Third Set of Requests for Production (the "Requests" and each individually, a "Request").

<u>**OBJECTIONS TO DEFINITIONS**</u>

1.      RNDC objects to the Definitions to the extent they impose on RNDC obligations different than or in addition to its obligations pursuant to the Federal Rules of Civil Procedure or the Local Rules of the Western District of Kentucky.

2.      RNDC objects to the definition of "Document" to the extent it is inconsistent with or broader than the term as used in Federal Rule of Civil Procedure 34. RNDC further objects to the definition of this term because it is overbroad, unduly burdensome, vague, ambiguous, and not proportional to the needs of this case. RNDC further objects to the definition of this term to the extent it includes material outside RNDC's possession, custody, or control, and asks RNDC to search for or produce information outside its possession, custody, or control.

1

3.  RNDC objects to the definitions of "you," "yours," "RNDC," or "Defendant" as overly broad and unduly burdensome because it seeks information that is neither relevant nor proportional to the needs of the case by improperly including distinct corporate entities and persons not parties to this case and not controlled by RNDC. RNDC further objects to Sazerac's definition for these terms because Sazerac's incorporation of any or all of the undefined terms "affiliates, parents, subsidiaries, predecessors in interest, directors, officers, attorneys, agents, employees, and other representatives" into the definition renders the definition vague and ambiguous. RNDC also objects to Sazerac's proposed definition of these terms as overbroad and burdensome to the extent they obligate RNDC to search for and produce documents that are not within RNDC's possession, custody, or control.

4.  RNDC objects to the definition of "Person" as vague and ambiguous with respect to its inclusion of undefined terms "governments (or their agencies), quasi-public entities, proprietorships, joint ventures" and "all other forms of legal entities."

5.  RNDC objects to the definition of "Communication" as circular and superfluous in light of Sazerac's definition of "Document."

6.  RNDC objects to the definition of "Concerning" as overbroad and unduly burdensome in that it would require RNDC to produce all documents that could be construed to have any implied or implicit relationship to the subject at issue in each of the Requests. In responding to the Requests, RNDC will interpret and use this term as modified throughout by the term "expressly" (e.g., "expressly concerning," "expressly relating to," and "expressly regarding").

7.  RNDC objects to the definition of "Produce" to the extent it purports to impose any obligations different than or in addition to its obligations pursuant to the Federal Rules of Civil Procedure or the Local Rules of the Western District of Kentucky.

## OBJECTIONS TO INSTRUCTIONS

1.      RNDC objects to the Instructions to the extent they impose on RNDC obligations different than or in addition to its obligations pursuant to the Federal Rules of Civil Procedure or the Local Rules of the Western District of Kentucky.

2.      RNDC objects to the Instructions to the extent that they purport to require the disclosure of confidential information, personally identifiable information, or information that is proprietary in nature and thereby protected from disclosure. RNDC objects to the extent the Requests seek confidential or sensitive information relating to RNDC or to third parties. RNDC will produce any such documents and information only (1) subject to the terms of a Confidentiality Agreement to be entered into by the parties, and (2) if it may do so without violating its contractual or other obligations to relevant third parties.

3.      RNDC objects to the Instructions to the extent they require RNDC to create, restore, and/or search inaccessible data sources, because completing such Requests would subject RNDC to undue burden and expense.

4.      The following responses are based upon the facts, documents, and information presently known and available to RNDC based on a reasonable investigation. Discovery, investigation, research, and analysis are ongoing, and may disclose the existence of additional responsive non-privileged facts or documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these responses. By stating in these responses that RNDC will produce documents or is searching for responsive documents, RNDC does not represent that any such documents actually exist, but rather that RNDC will make a reasonable attempt to ascertain whether non-privileged documents responsive to the Requests do, in fact, exist, and to produce such documents if they are found to exist and are within RNDC's possession, custody, or control.

5.      An objection or answer provided by RNDC in response to the Requests in no way constitutes or should be construed as an admission of the relevance or admissibility of any document or information. In responding to these Requests, RNDC is not admitting the relevance or appropriateness of the Requests being propounded, but rather is merely responding to such Requests based on the records and information still in existence, presently recollected, and thus far discovered in preparing these responses. By responding to this discovery, RNDC does not waive: (1) any objections to admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any document; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the discovery requests herein.

**RNDC'S OBJECTIONS AND RESPONSES TO REQUESTS**

**REQUEST FOR PRODUCTION NO. 41:**

Produce all documents and communications concerning, relating to, and/or reflecting RNDC's policies and/or sales practices related to or concerning Sazerac's allocated products when allocating or selling such products to retailers, including but not limited to those reflecting any requirement, preference, and/or offer that a retailer purchase any other product (whether a Sazerac product or not) in order to receive or purchase an allocated Sazerac product.

**RESPONSE TO REQUEST NO. 41:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "all documents and communications concerning, relating to, and/or reflecting." RNDC's sale of Sazerac's allocated products included sales and distribution of dozens of Sazerac products in over 30 markets during the time span covering the party's relationship. Read literally, this would require review of an unreasonable volume of documents relating to the entire period of RNDC's relationship with Sazerac. RNDC further objects to this Request because, due to the scope of the parties' business

4

relationship in this period. RNDC further objects to this Request because it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "policies"," practices", "allocated products", "allocating", "selling", "requirement", "preference", "offer", "receive".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist. For example, RNDC refers Sazerac to the previously produced allocations guidelines and policy documents: RNDC_00023124; RNDC_00023128; RNDC_00133605; RNDC_00023129; RNDC_00228829; RNDC_00023113; RNDC_00138454; RNDC_00133736. To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all documents, including transcripts of any testimony provided by RNDC and its employees/representatives and any award, order or judgment entered, from RNDC's arbitration with Columbia Distributing in Washington in any way related to or concerning the parties' claims

5

and defenses in this case, including but not limited to: (1) the terms of any agreement between Sazerac and RNDC; (2) Sazerac's termination of RNDC in Washington and/or in any other territory; (3) the terms of any transition of the distribution of Sazerac's products, including the transition of inventory, from RNDC to Columbia Distributing pursuant to Sazerac's termination of RNDC in Washington; (4) any practice or industry standards related to the termination and/or transition; and, (5) any other relevant claims and defenses asserted by the parties in this Lawsuit.

**RESPONSE TO REQUEST NO. 42:**

RNDC objects to this Request as it is overly broad, unduly burdensome, and harassing. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "transcripts", "related", "claims", "defenses", "agreement", "terms", "transition", "practice", "industry standards".

Subject to the foregoing objections and without waiving same, RNDC will produce relevant nonprivileged documents produced by the parties in the arbitration, as well as any responsive briefing, transcripts of any testimony, and any award, order, or judgment entered to the extent the materials exist.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all documents and communications exchanged with or provided by Boston Consulting Group ("BCG") concerning and/or relating to Sazerac, including documents related to the analysis of any relationship with Sazerac from January 1, 2021, through the present.

6

**RESPONSE TO REQUEST NO. 43:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "all documents and communications exchanged with or provided by Boston Consulting Group ("BCG") concerning and/or relating to Sazerac." RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets. Read literally, this would require review of an unreasonable volume of documents. RNDC will interpret and use the terms "concerning and/or relating to" as modified by the term "expressly" so as to avoid the unreasonably burdensome scope and time frame of this Request. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following term is vague and ambiguous: "analysis".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist (e.g., RNDC_00190124). To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

7

**REQUEST FOR PRODUCTION NO. 44:**

Produce all documents and communications concerning, addressing, and/or relating to the terms of any agreement or relationship between RNDC and BCG since January 1, 2021.

**RESPONSE TO REQUEST NO. 44:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "all documents and communications concerning, addressing, and/or relating to the terms of any agreement or relationship between RNDC and BCG." RNDC further objects to this Request because documents and communications concerning, addressing, and/or relating to the terms of any agreement or relationship between RNDC and BCG are that are irrelevant to either party's claims or defenses, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "agreement", "relationship".

**REQUEST FOR PRODUCTION NO. 45:**

Produce all documents and communications exchanged with or provided by any publicist or public relations firm/company that RNDC consulted and/or retained, since January 1, 2021, in connection with or related to the claims and defenses asserted by each party in this Lawsuit.

**RESPONSE TO REQUEST NO. 45:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "all documents and

8

communications exchanged with or provided by any publicist or public relations firm/company." RNDC further objects to this Request because documents and communications exchanged with or provided by any publicist or public relations firm/company that RNDC consulted and/or retained, since Jauary 1, 2021, in connection with or related to the claims and defenses asserted by each party in this Lawsuit are irrelevant to either party's claims or defenses, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "publicist", "public relations firm/company", "consulted", "retained".

**REQUEST FOR PRODUCTION NO. 46:**

Produce all documents and communications identifying, concerning, and/or relating to any incentives or incentive programs RNDC sales personnel involved in the sale of Sazerac products were offered, entitled to, and/or awarded— whether by RNDC or any supplier(s)—from January 1, 2021, through the present, including those tied to or related to Sazerac products or related to the replacement of Sazerac products with non-Sazerac products at retailers.

**RESPONSE TO REQUEST NO. 46:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "all documents and communications identifying, concerning, and/or relating to any incentives or incentive programs RNDC sales personnel involved in the sale of Sazerac products were offered, entitled to, and/or awarded." RNDC's relationship with Sazerac included the sales and distribution of dozens of

9

Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "incentives", "incentive program", "sales personnel", "offered", "entitled", "awarded", "tied", "related", "replacement".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist (e.g., RNDC_00092970; RNDC_00000655; RNDC_00001378; RNDC_00076559; RNDC_00136447; RNDC_00163595; RNDC_00104296; RNDC_00176937; RNDC_00238270; RNDC_00059273). To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all documents and communications reflecting, concerning and/or relating to any and all instructions, directions, directives, requirements, advice, and/or suggestions drafted by

10

RNDC or provided by RNDC to either its employees (including its sales personnel) or any retailer(s), between January 1, 2021, and the Present, related to or concerning the replacement of Sazerac products with non-Sazerac products at retailers (such as "Sazerac Knockout Brands" documents or charts listing "Sazerac Product" and corresponding "Replacement" non-Sazerac products) or the discontinuation of sales of Sazerac products.

**RESPONSE TO REQUEST NO. 47:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "…all documents and communications reflecting, concerning and/or relating to any and all instructions, directions, directives, requirements, advice, and/or suggestions drafted by RNDC or provided by RNDC to either its employees... related to or concerning the replacement of Sazerac products with non-Sazerac products at retailers." RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Any communications regarding replacement products would be equally voluminous. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this

11

Request to the extent the following terms are vague and ambiguous: "instructions", "directives", "requirements", "advise", "suggestions", "'Sazerac Knockout Brands'", "'Sazerac Product'", "'Replacement'", "discontinuation".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist (e.g., RNDC_00224432 and family RNDC_00238081; RNDC_00224356). To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications reflecting, concerning and/or relating to any statement made by RNDC to any third party, including retailers, since January 1, 2021, regarding Sazerac's allocation of products.

**RESPONSE TO REQUEST NO. 48:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "…documents and communications reflecting, concerning and/or relating to any statement made by RNDC to any third party, including retailers, since January 1, 2021, regarding Sazerac's allocation of products." RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any

12

probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "statement", "allocation".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist. For example, RNDC refers Sazerac to the previously produced allocations guidelines and policy documents: RNDC_00023124; RNDC_00023128; RNDC_00133605; RNDC_00023129; RNDC_00228829; RNDC_00023113; RNDC_00138454; RNDC_00133736. To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and communications reflecting, concerning, and/or relating to conditioning the sale of Sazerac products on the purchase of non-Sazerac products from January 1, 2021, to the present.

**RESPONSE TO REQUEST NO. 49:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "…documents and

communications reflecting, concerning, and/or relating to conditioning the sale of Sazerac products on the purchase of non-Sazerac products." RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "conditioning", "sale", "purchase".

RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist. For example, RNDC refers Sazerac to the previously produced allocations guidelines and policy documents: RNDC_00023124; RNDC_00023128; RNDC_00133605; RNDC_00023129; RNDC_00228829; RNDC_00023113; RNDC_00138454; RNDC_00133736. To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and communications reflecting, concerning, and/or relating to hours worked by RNDC sales team when marketing Sazerac products since January 1, 2021, including documents reflecting people working less than five days per week or fewer than forty hours per week.

**RESPONSE TO REQUEST NO. 50:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "…documents and communications reflecting, concerning, and/or relating to hours worked by RNDC sales team when marketing Sazerac products." RNDC's relationship with Sazerac included the marketing of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant to either party's claims or defenses, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "hours worked", "marketing", "working".

15

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications reflecting, concerning, and/or relating to RNDC's efforts to ensure that Sazerac products do not become out-of-stock at retailer accounts since January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 51:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to RNDC's efforts to ensure that Sazerac products do not become out-of-stock at retailer accounts". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "efforts", "ensure", "out-of-stock".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth

16

collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist (e.g., RNDC_00042206; RNDC_00102391; RNDC_00193520; RNDC_00199717). To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and communications reflecting, concerning, and/or relating to aged or expired inventory of Sazerac products since January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 52:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to aged or expired inventory of Sazerac products." RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this

17

Request to the extent the following terms are vague and ambiguous: "aged", "inventory".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist (e.g., RNDC_00065188; RNDC_00187369). To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and communications reflecting, concerning, and/or relating to RNDC's engagement with, or failure to engage with, Sazerac individuals for business planning and forecasting purposes since January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 53:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to RNDC's engagement with, or failure to engage with, Sazerac individuals for business planning and forecasting purposes." RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks

documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "engagement", "failure to engage", "business planning", "forecasting".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist (e.g., RNDC_00098452; RNDC_00113018; RNDC_00119263; RNDC_00190074; RNDC_00044748; RNDC_00059849). To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and communications reflecting, concerning, and/or relating to RNDC prioritizing Sazerac's value or volume brands as opposed to other higher-margin brands since January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 54:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to RNDC prioritizing Sazerac's value or volume brands as opposed to other higher-margin brands since." RNDC's relationship with

19

Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "prioritizing", "value", "volume", "higher-margin".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist (e.g., RNDC_00016742; RNDC_00057942). To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests..

**REQUEST FOR PRODUCTION NO. 55:**

All documents and communications reflecting, concerning, and/or relating to deprioritizing Sazerac products compared to products from other suppliers, or otherwise changing prioritization of Sazerac products, since January 1, 2021 to the present.

20

**RESPONSE TO REQUEST NO. 55:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to deprioritizing Sazerac products compared to products from other suppliers, or otherwise changing prioritization of Sazerac products." RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "deprioritizing", "compared", "prioritization".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist. To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production,

21

RNDC is willing to meet and confer to discuss Sazerac's specific requests..

**REQUEST FOR PRODUCTION NO. 56:**

All documents and communications reflecting, concerning, and/or relating to replacing Sazerac products targeting the bar/restaurant "well" occasion with brands manufactured by other suppliers since January 1, 2021 to the present.

**RESPONSE TO REQUEST NO. 56:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to replacing Sazerac products targeting the bar/restaurant "well" occasion with brands manufactured by other suppliers". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "replacing". "targeting", "bar/restaurant", "well".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist. To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and communications reflecting, concerning, and/or relating to statements made by RNDC to retailers or other suppliers about Sazerac's MDR/MDM program.

**RESPONSE TO REQUEST NO. 57:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to statements made by RNDC to retailers or other suppliers about Sazerac's MDR/MDM program." RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work

23

product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following term is vague and ambiguous: "MDR/MDM program".

Subject to RNDC's objections and without waiving same, RNDC states it will meet and confer with Sazerac to narrow the scope of this Request to a reasonable degree.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and communications reflecting, concerning, and/or relating to RNDC's usage, removal, relocation, or disposal of any displays or coolers earmarked for Sazerac brands at retailer accounts, including using Sazerac acrylic or other displays or coolers to promote non-Sazerac products between January 1, 2021, and February 1, 2023.

**RESPONSE TO REQUEST NO. 58:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to RNDC's usage, removal, relocation, or disposal of any displays or coolers earmarked for Sazerac brands at retailer accounts, including using Sazerac acrylic or other displays or coolers to promote non-Sazerac products". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an

24

unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "usage", "removal", "relocation", "disposal", "displays", "coolers", "promote".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist (e.g., RNDC_00072853; RNDC_00038413; RNDC_00152646). To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and communications reflecting, concerning, and/or relating to RNDC raising prices of Sazerac products or claiming that Sazerac was raising prices of its products between January 1, 2022 and February 1, 2023.

**RESPONSE TO REQUEST NO. 59:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to RNDC's usage, removal, relocation, or disposal of any displays or coolers earmarked for Sazerac brands at retailer accounts, including using Sazerac acrylic or other displays or coolers to promote non-Sazerac products". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over

25

30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "raising prices", "claiming".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist. To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and communications reflecting, concerning, and/or relating to RNDC's changes to efforts to sell or refusal to sell or market Sazerac products since January 1, 2021.

**RESPONSE TO REQUEST NO. 60:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and

26

communications reflecting, concerning, and/or relating to RNDC's changes to efforts to sell or refusal to sell or market Sazerac products". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "changes to efforts", "refusal", "market".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist (e.g., RNDC_00238085; RNDC_00224356; RNDC_00192821; RNDC_00161817). To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 61:**

All documents and communications reflecting, concerning, and/or relating to RNDC

27

statements or assertions to third parties that Sazerac was out of stock of its products since January 1, 2022 to the present.

**RESPONSE TO REQUEST NO. 61:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to RNDC statements or assertions to third parties that Sazerac was out of stock of its products". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "statements", "assertions", "out of stock".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist. To the extent Sazerac believes

28

that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and communications reflecting, concerning, and/or relating to RNDC's usage, removal, relocation, or disposal of any Sazerac displays or coolers at retailer accounts, including using Sazerac displays or coolers to promote non-Sazerac products since January 1, 2022 to the present.

**RESPONSE TO REQUEST NO. 62:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to RNDC statements or assertions to third parties that Sazerac was out of stock of its products". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and

ambiguous: "usage", "removal", "relocation", "disposal", "displays", "coolers", "promote".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist. To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests.

**REQUEST FOR PRODUCTION NO. 63:**

All documents and communications reflecting, concerning, and/or relating to RNDC refusal or failure to order Sazerac products on behalf of retailer/customer despite requests for Sazerac products since January 1, 2022 to the present.

**RESPONSE TO REQUEST NO. 63:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to RNDC refusal or failure to order Sazerac products on behalf of retailer/customer despite requests for Sazerac products". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an

30

unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "refusal", "failure", "order", "on behalf of", "requests".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this request would have already been produced, to the extent any exist. To the extent Sazerac believes that this request seeks something separate and additional to its prior requests for production, RNDC is willing to meet and confer to discuss Sazerac's specific requests. Please see documents Bates-labeled RNDC_00192869 and RNDC_00238085 as examples of RNDC policies regarding servicing Sazerac products following Sazerac's termination notices.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and communications, including text messages between RNDC individuals or with third parties, reflecting, concerning, and/or relating to allocation decisions of Sazerac products, including any times that allocations were conditioned on purchase of products supplied or manufactured by other entities.

**RESPONSE TO REQUEST NO. 64:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications, including text messages between RNDC individuals or with third parties, reflecting, concerning, and/or relating to allocation decisions of Sazerac products, including any

31

times that allocations were conditioned on purchase of products supplied or manufactured by other entities". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "allocation decisions", "allocations", "conditioned", "purchase".

Subject to the foregoing objections and without waiving same, RNDC will meet and confer with Sazerac to narrow the scope of this Request to a reasonable degree. RNDC confirms that it will not be searching for text messages from individuals beyond those individuals already requested by Sazerac per the terms of the parties' stipulation regarding the searching of text messages.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and communications reflecting, concerning, and/or relating to statements made by RNDC to third parties, including retailers, that point-of-sale ("POS") materials purchased by Sazerac or initially purchased by any party for the promotion of Sazerac brands

through any type of marketing arrangement that belongs to RNDC, or attempts by RNDC to remove POS from retailer locations.

**RESPONSE TO REQUEST NO. 65:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to statements made by RNDC to third parties, including retailers, that point-of-sale ("POS") materials purchased by Sazerac or initially purchased by any party for the promotion of Sazerac brands through any type of marketing arrangement that belongs to RNDC, or attempts by RNDC to remove POS from retailer locations". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "point-of-sale ("POS") materials", "promotion", "marketing arrangement", "belongs", "attempts", "remove".

33

**REQUEST FOR PRODUCTION NO. 66:**

All documents and communications reflecting, concerning, and/or relating to RNDC's failure or refusal to use LMF amounts as requested by Sazerac or in accordance with the marketing plans for Sazerac products.

**RESPONSE TO REQUEST NO. 66:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications reflecting, concerning, and/or relating to RNDC's failure or refusal to use LMF amounts as requested by Sazerac or in accordance with the marketing plans for Sazerac products". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "failure", "refusal", "LMF amounts", "requested", "accordance", "marketing plans".

Subject to the foregoing objections and without waiving same, RNDC will meet and

34

confer with Sazerac to narrow the scope of this Request to a reasonable degree.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and communications exchanged with RNDC's auditors regarding expected and/or anticipated revenues from the sale of or anticipated sale of Sazerac products since June 1, 2022 to the present, including but not limited to documents reflecting RNDC's expected $12.50/case revenue as testified to by Ms. Curtis during her January 5th deposition.

**RESPONSE TO REQUEST NO. 67:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications exchanged with RNDC's auditors regarding expected and/or anticipated revenues from the sale of or anticipated sale of Sazerac products". RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "expected", "anticipated", "revenues", "anticipated sale", "expected", "$12.50/case revenue".

**REQUEST FOR PRODUCTION NO. 68:**

All documents and communications identifying and/or exchanged with any governmental agency(ies), whether as RNDC or anonymously, concerning, relating to, or reflecting Sazerac's MDR/MDM program and/or other business practices since June 1, 2022 to the present.

**RESPONSE TO REQUEST NO. 68:**

RNDC objects to this Request as it is overly broad, unduly burdensome, harassing, and not reasonably limited in time or scope. The Request broadly seeks "[a]ll documents and communications identifying and/or exchanged with any governmental agency(ies), whether as RNDC or anonymously, concerning, relating to, or reflecting Sazerac's MDR/MDM program and/or other business practices". RNDC's relationship with Sazerac included the sales and distribution of dozens of Sazerac products in over 30 markets with hundreds of employees. Read literally, this would require review of an unreasonable volume of documents. RNDC further objects to this Request as duplicative to Request No. 35 in Sazerac's Second Set of Requests for Production. RNDC further objects to this Request because, due to the scope of the parties' business relationship, it seeks documents and communications that are irrelevant, not proportional to the needs of the case, and for which the likelihood of leading to any probative evidence is far outweighed by the identification, processing and production of such documents and information. RNDC further objects to this Request to the extent it seeks documents and communications already in the possession of Sazerac, thus imposing an unreasonable burden on RNDC. RNDC further objects to this Request to the extent it seeks documents or communications protected by the joint defense privilege, common-interest privilege, attorney-client privilege, and/or work product doctrine; RNDC will not produce privileged documents to the extent the Request calls for them. RNDC further objects to this Request to the extent the following terms are vague and ambiguous: "governmental agency(ies)", "anonymously", "MDR/MDM program", "business practices".

Subject to the foregoing objections and without waiving same, RNDC states that due to the scope of Sazerac's previously served requests for production, and RNDC's in-depth collection, review, and production of materials, nonprivileged documents responsive to this

36

request would have already been produced, to the extent any exist (e.g., RNDC_00228212; RNDC_00228049; RNDC_00227756; RNDC_00227679; RNDC_00227695; RNDC_00227602).

Respectfully submitted,

*/s/ Richard S. Krumholz*

Richard S. Krumholz *(admitted pro hac vice)*
John Herring (*admitted pro hac vice*)
Veronica Portillo Kendrick *(admitted pro hac vice)*
Patrick Doyle (*admitted pro hac vice*)
Preston Glasscock (*admitted pro hac vice*)
Sara Scully (*admitted pro hac vice*)
Zach Woods (*admitted pro hac vice*)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201
Tel.: (214) 855-8000
E-Mail: richard.krumholz@nortonrosefulbright.com
john.herring@nortonrosefulbright.com
veronica.kendrick@nortonrosefulbright.com
patrick.doyle@nortonrosefulbright.com
preston.glasscock@nortonrosefulbright.com
sara.scully@nortonrosefulbright.com
zach.woods@nortonrosefulbright.com

- and -

Charles E. English, Jr.
E. Kenly Ames
ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Tel.: (270) 781-6500
E-mail: benglish@elpolaw.com
        kames@elpolaw.com

*Attorneys for Defendant Republic National Distributing Company, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served via electronic mail upon Sazerac's counsel on February 12, 2024.


*/s/ Patrick Doyle*
Patrick Doyle