# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| SAZERAC COMPANY, INC., | § § § § | |
| *Plaintiff and Counter-Defendant,* | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-25-GNS |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC, | § § § | |
| *Defendant and Counter-Plaintiff.* | § § § | |

**REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC'S FIRST SUPPLEMENTAL OBJECTIONS AND ANSWERS TO SAZERAC COMPANY, INC.'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant and Counter-Plaintiff Republic National Distributing Company, LLC ("RNDC") serves these First Supplemental Objections and Answers to Sazerac Company, Inc.'s ("Sazerac") Second Set of Interrogatories (the "Interrogatories" and each individually, an "Interrogatory").

**OBJECTIONS TO DEFINITIONS**

1.      RNDC objects to the Definitions to the extent they impose on RNDC obligations different than or in addition to its obligations according to the Federal Rules of Civil Procedure or the Local Rules of the Western District of Kentucky.

2.      RNDC objects to the definition of "Document" to the extent it is inconsistent with or broader than the term as used in Federal Rule of Civil Procedure 34. RNDC further objects to the definition of this term because it is overbroad, unduly burdensome, vague, ambiguous, and not proportional to the needs of this case. RNDC further objects to the definition of this term to the extent it includes material outside RNDC's possession, custody, or control and asks RNDC to search for or produce information outside its possession, custody, or control.

1

3.      RNDC objects to the definitions of "you," "yours," "RNDC," or "Defendant" as overly broad and unduly burdensome because it seeks information that is neither relevant nor proportional to the needs of the case by improperly including distinct corporate entities and persons not parties to this case and not controlled by RNDC. RNDC further objects to Sazerac's definition of these terms because Sazerac's incorporation of any or all of the undefined terms "affiliates, parents, subsidiaries, predecessors in interest, directors, officers, attorneys, agents, employees, and other representatives" into the definition renders the definition vague and ambiguous. RNDC also objects to Sazerac's proposed definition of these terms as overbroad and burdensome to the extent they obligate RNDC to search for and produce documents that are not within RNDC's possession, custody, or control.

4.      RNDC objects to the definition of "Person" as vague and ambiguous with respect to its inclusion of undefined terms "governments (or their agencies), quasi-public entities, proprietorships, joint ventures" and "all other forms of legal entities."

5.      RNDC objects to the definition of "Communication" as circular and superfluous in light of Sazerac's definition of "Document."

6.      RNDC objects to the definition of "Concerning" as overbroad and unduly burdensome in that it would require RNDC to produce all documents that could be construed to have any implied or implicit relationship to the subject at issue in each of the Interrogatories. In responding to the Interrogatories, RNDC will interpret and use this term as modified throughout by the term "expressly" (e.g., "expressly concerning," "expressly relating to," and "expressly regarding").

7.      RNDC objects to the definition of "Produce" to the extent it purports to impose any obligations different than or in addition to its obligations pursuant to the Federal Rules of Civil Procedure or the Local Rules of the Western District of Kentucky.

2

**OBJECTIONS TO INSTRUCTIONS**

1.      RNDC objects to the Instructions to the extent they impose on RNDC obligations different than or in addition to its obligations pursuant to the Federal Rules of Civil Procedure or the Local Rules of the Western District of Kentucky.

2.      RNDC objects to the Instructions to the extent that they purport to require the disclosure of confidential information, personally identifiable information, or information that is proprietary in nature and thereby protected from disclosure. RNDC objects to the extent the Interrogatories seek confidential or sensitive information relating to RNDC or to third parties. RNDC will produce any such documents and information only (1) subject to the terms of the Confidentiality Agreement entered into by the parties, and (2) if it may do so without violating its contractual or other obligations to relevant third parties.

3.      RNDC objects to the Instructions to the extent they require RNDC to create, restore, and/or search inaccessible data sources, because completing such Interrogatories would subject RNDC to undue burden and expense.

4.      The following responses are based upon the facts, documents, and information presently known and available to RNDC based on a reasonable investigation. Discovery, investigation, research, and analysis are ongoing, and may disclose the existence of additional responsive non-privileged facts or documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these responses.

5.      An objection or answer provided by RNDC in response to the Interrogatories in no way constitutes or should be construed as an admission of the relevance or admissibility of any document or information. In responding to these Interrogatories, RNDC is not admitting the relevance or appropriateness of the Interrogatories being propounded, but rather is merely responding to such Interrogatories based on the records and information still in existence, presently

3

recollected, and thus far discovered in preparing these responses. By responding to this discovery, RNDC does not waive: (1) any objections to admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any document or information; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the discovery requests herein.

## RNDC'S SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 17:

Identify and describe in detail every communication, written or oral, that RNDC has had with any third party(ies) (including retailers, regulators, etc.) since January 1, 2021, concerning or relating to any policy, practice, and/or course of conduct implemented by RNDC when allocating or selling any of Sazerac's allocated products to retailers, including but not limited to any requirement, preference, or offer that a retailer purchase any other product (whether a Sazerac product or not) in order for that retailer to receive or purchase, or to become eligible to receive or purchase, a greater amount of allocated Sazerac product than it otherwise would have been offered by RNDC, when such communication took place, the individuals involved, and the substance of each communication.

### ANSWER:

RNDC objects to this Interrogatory as overly broad, unduly burdensome, and harassing as it requests that RNDC "[i]dentify and describe in detail every communication, written or oral" between RNDC and "any third party . . . since January 1, 2021, concerning or relating to any policy, practice, and/or course of conduct implemented by RNDC when allocating or selling any of Sazerac's allocated products to retailers." Up until Sazerac's abrupt termination of RNDC on December 30, 2022, RNDC distributed Sazerac's portfolio of allocated items across multiple markets nationwide to hundreds of third parties. It is impractical to identify "every

4

communication" with "any third party" as RNDC's distribution of allocated items was conducted regularly since January 1, 2021. RNDC further objects to the Interrogatory as it calls for information that is not relevant to either party's claim or defense and is disproportional to the needs of this case. To call for RNDC to identify all of the information inquired about is not only harassing, but also requests RNDC to provide information not relevant to any of the parties' claims in this litigation and with no nexus to this case. RNDC further objects to this Interrogatory to the extent it seeks information already in Sazerac's possession. RNDC further objects to this Interrogatory as vague and ambiguous, as it calls for RNDC to describe communications, concerning or relating to any policy, practice, and/or course of conduct implemented by RNDC.

Subject to and without waiving its objections, RNDC responds that according to regulatory frameworks, RNDC has established policies and guidelines applicable to allocating or selling Sazerac's allocated products to retailers (*see, e.g.*, the documents Bates-labelled RNDC_00023124; RNDC_00023128; RNDC_00133605; RNDC_00023129; RNDC_00228829; RNDC_00023113; RNDC_00138454; RNDC_00133736). To the extent RNDC was informed of any violations of its policies, guidelines, or applicable law relating to allocations of Sazerac products that arose from Sazerac or others, such complaints were investigated and dealt with on a case-by-case basis, and counseling and other measures, as appropriate, were taken by RNDC to respond to those complaints. RNDC is not aware of any systemic instances or patterns of practice in which its employees worked outside of RNDC's policies or did not perform their jobs in a manner consistent with RNDC's policies and guidelines.

**INTERROGATORY NO. 18:**

[RNDC understands that Sazerac has withdrawn this Interrogatory following the parties' March 13, 2024 meet and confer.]

**INTERROGATORY NO. 19:**

Please describe in detail, including the timing, any and all incentives or incentive programs RNDC sales personnel were offered, entitled to, and/or awarded—whether by RNDC or any supplier(s)—between January 1, 2021 and the present, including those in any way tied to or related to Sazerac products or related to the replacement of Sazerac products with non-Sazerac products at retailers.

**ANSWER:**

RNDC objects to this Interrogatory as overly broad and unduly burdensome as it seeks RNDC to describe in detail "*any* and *all* incentives or incentive programs RNDC sales personnel were offered, entitled to, and/or awarded" since January 1, 2021. RNDC had hundreds of sales personnel who participated in several incentive programs. RNDC further objects that this request is overly broad and unduly burdensome as written because it seeks information on any and all incentives or incentive programs offered to RNDC sales personnel, regardless if those incentive programs in any way tied to or related to Sazerac products. To call for RNDC to identify all of the information inquired about is not only harassing but also requests RNDC to provide information not relevant to any of the parties' claims in this litigation and with no nexus to this case. RNDC further objects to this Interrogatory to the extent it seeks information already in Sazerac's possession.

Subject to and without waiving its objections, RNDC refers Plaintiff to the documents and ESI produced, and the following is a list of examples (including related family members) of

6

incentive programs that affected RNDC-distributed products: RNDC_00092970; RNDC_00001378; RNDC_00136447; RNDC_00163595; RNDC_00104296; RNDC_00176937; RNDC_00238270; RNDC_00059273; RNDC_00238262; RNDC_00050408; RNDC_00050411. RNDC is also investigating the extent to which a report of incentive programs offered since 2021 can be generated. If such a report can be generated, RNDC will supplement its production to include it.

**INTERROGATORY NO. 20:**

Please describe in detail, including the timing, any and all instructions, directions, directives, requirements, advice, and/or suggestions provided by RNDC to either its employees (including its sales personnel) or any retailer(s), between January 1, 2021 and the present, related to or concerning the replacement of Sazerac products with non-Sazerac products at retailers or the discontinuation of sales of Sazerac products.

**ANSWER:**

RNDC objects to this Interrogatory as unduly burdensome and overly broad as it seeks "any and all" instructions, directions, directives, requirements, advice, and/or suggestions RNDC provided to its employees or any retailer from January 1, 2021 through the present. RNDC had hundreds of employees serving Sazerac across 30+ markets. RNDC's sales-personnel employees had relationships with thousands of retailers between January 1, 2021 to the present relating to the sale of Sazerac products. RNDC further objects that the terms "instructions, directions, directives, requirements, advice, and/or suggestions" are vague and ambiguous. RNDC objects to this Interrogatory to the extent is seeks information covered by the attorney-client privilege or work product-protected information. RNDC will not provide responsive information that is subject to the attorney-client privilege or information that constitutes work product. RNDC further objects that the Interrogatory seeks information that is not relevant to either party's claims

7

or defenses, as Sazerac products may have been replaced at retailers for a variety of reasons unrelated to the issues in the Lawsuit. RNDC further objects to this Interrogatory as an improper compound Interrogatory under Rule 33 as it seeks two discrete subparts including (1) directives from RNDC to its employees, and (2) directives from RNDC to any retailer. Therefore RNDC, will count this as two interrogatories.

Subject to and without waiving its objections, RNDC responds that after a reasonable investigation, RNDC is not aware of any instructions, directions, directives, requirements, advice, and/or suggestions provided by RNDC leadership to either its employees—including its sales personnel—or any retailer(s), between January 1, 2021 and December 30, 2022, related to or concerning the replacement of Sazerac products with non-Sazerac products at retailers or the discontinuation of sales of Sazerac products for any Sazerac products that RNDC currently had the rights to distribute. To the contrary, while the September 2021 Agreement was in place and in the months following the termination of that agreement through December 30, 2022, RNDC instructed its employees—including its sales personnel—to continue to prioritize Sazerac products for distribution in markets where RNDC was Sazerac's distributor and also continued to emphasize the importance of not "tying" sales of Sazerac products to those of other suppliers.

After Sazerac notified the termination of RNDC in Washington and Colorado in August 2022 and in most remaining markets on December 30, 2022, certain RNDC employees discussed plans to replace the then-terminated Sazerac business, and RNDC moved to protect and continue its distribution business with as little interruption as possible. This included certain employees of RNDC making plans to protect RNDC shelf space at retailers in light of Sazerac's terminations. RNDC executive leadership communicated to RNDC employees that RNDC should continue to prioritize the sale of Sazerac products through the effective termination dates applicable to the terminations.

8

**INTERROGATORY NO. 21:**

Please identify any publicist or public relations firm/company RNDC consulted with and/or retained, between January 1, 2021 and the present, in connection with or related to any issues or disputes between the parties, including those related to the claims and defenses asserted by each party in this Lawsuit. Please include the date(s) and substance of the related consultation or retention.

**ANSWER:**

RNDC objects that the terms "publicist or public relations firm/company" are vague and ambiguous. RNDC further objects that the Interrogatory seeks information that is not relevant to either party's claims or defenses. RNDC further objects to the extent the Interrogatory's request for the substance of the related consultations or retentions seeks information that is protected by the attorney-client, work-product, or common-interest privileges.

Subject to and without waiving its objections, RNDC has not retained any publicist or public relations firm/company in connection with or related to any issues or disputes between the parties since January 1, 2021.

**INTERROGATORY NO. 22:**

Please identify any media outlets and/or sources to whom RNDC has contacted and/or made statements to concerning or relating to this Lawsuit. Please include the date(s) and substance of the contact and/or statement.

**ANSWER:**

RNDC objects that the terms "media outlets and/or sources" are vague and ambiguous. RNDC further objects that the Interrogatory seeks information that is not relevant to either party's claims or defenses.

Subject to and without waiving its objections, RNDC has no current knowledge of any of

its employees affirmatively contacting or making statements to any media outlets and/or sources concerning or relating to this Lawsuit. To the extent RNDC public relations personnel were contacted by members of the media and/or sources to make comments, RNDC is aware of the following contacts from members of the media concerning or relating to the Lawsuit, but RNDC generally did not track all those that contacted any RNDC employee:

1. Stephen Schmidt of Louisville Business First contacted RNDC on January 3, 2023 for comment on Sazerac's contract with RNDC ending in February. RNDC did not provide any comment in response.

2. Jessica Infante of Bevnet Reports contacted RNDC for a comment on the Lawsuit on January 16, 2023. RNDC responded that it had no comments on existing litigation.

3. Dan Marsteller of Shanken News Daily contacted RNDC for a comment on the Lawsuit on January 16, 2023. RNDC responded that it had no comments on existing litigation.

4. David Mann of Louisville Business First contacted RNDC for a comment on the Lawsuit on January 17, 2023. RNDC responded that it had no comments on existing litigation.

5. Alice Brooker of the Spirits Business contacted RNDC for a comment on the Lawsuit on January 17, 2023. RNDC responded that it had no comments on existing litigation.

6. Chris Otts, a business reporter for WDRB in Louisville, Kentucky contacted RNDC on February 9, 2023 for a comment on the Lawsuit. RNDC did not provide any comment in response.

7. Chris Otts, a business reporter for WDRB in Louisville, Kentucky contacted RNDC on March 20, 2023 for a comment on the Lawsuit. RNDC responded with "RNDC has said all it will say publicly about this dispute in its court filings, and we encourage you to read our Answer and Counterclaims in its entirety."

8. Shanken News Daily contacted RNDC on March 22, 2023 for a comment on the Lawsuit. RNDC did not provide any comment in response.

**INTERROGATORY NO. 23:**

Please identify all governmental agencies RNDC has contacted—whether as RNDC or anonymously—concerning or relating to Sazerac's MDR/MDM program and/or other business

10

practices since June 1, 2022 to the present. Please include the date(s) and substance of the contact.

**ANSWER:**

RNDC objects that the term "other business practices" is overly broad, vague, and ambiguous. RNDC further objects that the Interrogatory seeks information that is not relevant to either party's claims or defenses.

Subject to and without waiving its objections, RNDC confirms that a member of its legal department contacted the Florida Division of Alcoholic Beverages and Tobacco through its online complaint portal in early 2023 regarding the stocking of shelves at a retailer in violation of state law by a Sazerac representative.  RNDC further directs Sazerac to the below documents detailing the other contacts with government agencies by the RNDC legal department "concerning or relating to Sazerac's MDR/MDM program and/or other business practices since June 1, 2022 to the present": RNDC_00227306; RNDC_00227602; RNDC_00227679; RNDC_00227684; RNDC_00227686; RNDC_00227695; RNDC_00227748; RNDC_00227750; RNDC_00227756; RNDC_00227809; RNDC_00228164; RNDC_00228212.  RNDC did not otherwise track if employees not in the legal department contacted government agencies and is not aware of any such contacts at this time.

March 22, 2024

Respectfully submitted,

*/s/ Richard S. Krumholz*
Richard S. Krumholz *(admitted pro hac vice)*
John Herring *(admitted pro hac vice)*
Veronica Portillo Kendrick *(admitted pro hac vice)*
Patrick Doyle *(admitted pro hac vice)*
Preston Glasscock *(admitted pro hac vice)*
Sara Scully *(admitted pro hac vice)*
Zach Woods *(admitted pro hac vice)*
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201
Tel.: (214) 855-8000
E-Mail: richard.krumholz@nortonrosefulbright.com
john.herring@nortonrosefulbright.com
veronica.kendrick@nortonrosefulbright.com
patrick.doyle@nortonrosefulbright.com
preston.glasscock@nortonrosefulbright.com
sara.scully@nortonrosefulbright.commailto:
zach.woods@nortonrosefulbright.com


- and -

Charles E. English, Jr.
E. Kenly Ames
ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Tel.: (270) 781-6500
E-mail: benglish@elpolaw.com
kames@elpolaw.com

- and -

Edward Stopher
Charles Stopher
BOEHL STOPHER & GRAVES, LLP
400 W. Market St.
Louisville, KY 40202
E-Mail: estopher@bsg-law.com
cstropher@bsg-law.com

*Attorneys for Defendant Republic National Distributing Company, LLC*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served via electronic mail to Sazerac's counsel of record on **March 22, 2024**.

/s/ Patrick Doyle
Patrick Doyle