Gzj kdkv'6"

**NORTON ROSE FULBRIGHT**

November 1, 2023

**Via E-Mail**

Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
United States of America

Gregory S. Tamkin, Esq.
DORSEY & WHITNEY LLP
tamkin.greg@dorsey.com
1400 Wewatta St., Ste. 400
Denver, CO 80202

Direct line +1 214 855 8022
richard.krumholz@nortonrosefulbright.com

Tel +1 214 855 8000
Fax +1 214 855 8200

Re:    *Sazerac Company, Inc. v. Republic National Distributing Company, LLC*,
       Civil Action No. 3:23-CV-25-GNS — Sazerac's 30(b)(6) Objections and Productions

Dear Gregory:

We have reviewed your objections to RNDC's 30(b)(6) topics. We take issue with Sazerac's positions on certain topics, as addressed in Section I below.  Further, we have some separate concerns about Sazerac's production format for certain materials already produced and highly relevant unproduced materials referenced in your productions, addressed in Section II below.

We invite Sazerac to meet and confer on these issues by **November 3, 2023**.  If we are unable to reach resolutions, RNDC will need to seek Court guidance for any remaining disputes.

### I.    Sazerac's 30(b)(6) objections

In addition to RNDC's disagreement with Sazerac's objections and limitations to topics discussed further below, RNDC does not understand why Sazerac cannot depose Wes Jackson as both a fact witness and 30(b)(6) designee on the same day. RNDC's counsel and Mr. Jackson are willing to accommodate Sazerac's counsel with a full day, starting early and/or ending late on December 14th to limit the unreasonable burden on Mr. Jackson and RNDC if multiple deposition days are necessary.

1.  In response to Topics 1 and 34, seeking details from January 1, 2021 to the present regarding the regulatory framework for the sale of Sazerac products in the Terminated States and Sazerac's policies and training of employees in light of that framework, Sazerac designates Mary Tortorice to testify on the regulatory framework and Sazerac policies and employee training applicable to the sale of Sazerac products only in Kentucky. Sazerac's limiting these topics to only Kentucky is improper.  RNDC has alleged that Sazerac has violated regulatory frameworks throughout many markets in which the parties previously had a relationship. RNDC seeks confirmation that Mary Tortorice, as Sazerac's 30(b)(6) designee, will be permitted to testify about regulatory frameworks and Sazerac policies and employee training relating to those regulatory frameworks in other Terminated States in addition to Kentucky.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

137906839.1

Gregory S. Tamkin, Esq.
November 1, 2023
Page 2

NORTON ROSE FULBRIGHT

2.  In response to Topics 2, 3, and 5, seeking details about the contractual terms governing the supplier-distributor relationship between Sazerac and RNDC in the Terminated States, Sazerac indicates it will designate Mark Brown to discuss the terms governing the supplier-distributor relationship up until the termination of the parties' relationship. RNDC seeks confirmation that Mark Brown will testify regarding terms that extend into any post-termination-notice contractual obligations Sazerac owed to RNDC under the parties' agreements, including for example, obligations regarding: (1) the ordering and purchase of Sazerac products to RNDC; (2) transition or sale of RNDC's inventory of Sazerac products; (3) the payment for handling fees for the sale and/or transition of RNDC's inventory of Sazerac products; and (4) reasonable or adequate notice of termination. In sum, RNDC seeks confirmation that Mark Brown, as Sazerac's 30(b)(6) designee, will be permitted to testify about Sazerac's understanding of RNDC-Sazerac agreement terms extending into the period following Sazerac's December 30, 2022 notice of termination.

3.  In response to Topics 8 and 9, seeking details on Sazerac's communications with actual and potential successor distributors regarding the replacement of RNDC in Terminated States, Sazerac designates Jake Wenz regarding Sazerac's communications with only actual successor distributors, while objecting that communications with potential successor distributors are irrelevant. Sazerac's limiting of this topic is improper, as communications with potential successor distributors are relevant because they provide details on the timing of Sazerac's decision to terminate, the inventory ordering strategy Sazerac considered employing in connection with that termination, the terms upon which Sazerac was willing to leave RNDC, and Sazerac's motivations in terminating with RNDC, all of which are critical to the parties' contract and tort claims, as well as the parties' contractual and equitable defenses. Are you standing on this objection or will Mr. Wenz, as Sazerac's 30(b)(6) designee, be permitted to testify about communications with potential successor distributors?

4.  In response to Topic 10, seeking details about the amount of notice Sazerac planned to and/or did provide to RNDC in relation to the December 2022 termination and all communications related thereto, Sazerac indicates that it will designate Mark Brown regarding only the amount of notice provided. RNDC seeks confirmation from Sazerac that Mark Brown, as Sazerac's 30(b)(6) designee, will be permitted to testify about non-privileged details of Sazerac's plans for the amount of notice as well, which would be indicative of Sazerac's understanding of its notice obligations to RNDC, as well as Sazerac's communications internally and with others concerning this topic.

5.  In response to Topic 14, seeking details on inventory Sazerac ordered for RNDC in Terminated States from July 1, 2022 to the present, Sazerac indicates that it will designate Mitch Federman regarding general amounts of product ordered and accepted by RNDC in the Terminated States only up until the termination of the parties' relationship. Sazerac's time limitation is improper, as RNDC claims that Sazerac loaded RNDC with inventory that would be difficult if not impossible to sell at bargained-for arrangements after the notice of termination, and any orders from after the time of termination would further add to RNDC's claimed damages. RNDC seeks confirmation from Sazerac that Mitch Federman, as Sazerac's 30(b)(6) designee, will be permitted to testify about any

137906839.1

Gregory S. Tamkin, Esq.
November 1, 2023
Page 3

NORTON ROSE FULBRIGHT

products ordered for RNDC by Sazerac in any of the Terminated States extending past Sazerac's December 30, 2022 notice of termination.

6. In response to Topic 15, seeking details on concerns, complaints, or issues raised by any third-party related to Sazerac's VMI system, Sazerac indicates that it will designate Mitch Federman to discuss this topic, narrowed to concerns, complaints, or issues raised by RNDC only. Sazerac's narrowing is improper, as information from third-parties expressing concern about wrongful conduct by Sazerac supports RNDC's claims and affirmative defenses, including the defense of unclean hands and its claim for breach of contract. RNDC seeks confirmation from Sazerac that Mitch Federman, as Sazerac's 30(b)(6) designee, will be permitted to testify about concerns, complaints, or issues raised by any third-party related to Sazerac's VMI system.

7. In response to Topics 18 and 19, seeking details on the volume of inventory of Sazerac products that Sazerac sold, purchased, transferred, relinquished, or delivered to successor distributors in Terminated States from July 1, 2022 through the present, Sazerac indicates that it will designate Mitch Federman to discuss only the general process details for these issues, and for Topic 18, only such details prior to the termination of the parties' relationship. Sazerac's narrowing is improper, as RNDC seeks information on the actual amounts ordered, sold, delivered, and Sazerac's profit from doing so both prior to and after termination as relevant to: (1) RNDC's claim that Sazerac was defrauding, misrepresenting, and failing to disclose to RNDC it was flooding the market by selling product to successor distributors, and reaping profits from double-selling inventory prior to terminating RNDC; and (2) RNDC's claim that Sazerac breached obligations to RNDC by continuing to sell to successor distributors after termination, thereby disrupting RNDC's efforts to transition inventory and reaping ill-gotten gains/ profits through that conduct. RNDC seeks confirmation from Sazerac that Mitch Federman, as Sazerac's 30(b)(6) designee, will be permitted to testify about the amounts of Sazerac products delivered, sold, purchased, transferred, or relinquished to successor distributors (and the associated profits from doing so) in the Terminated States both in the months before and after Sazerac's December 30, 2022 termination notice.

8. In response to Topic 20, seeking details on RNDC's and Sazerac's communications relating to the sale or transfer of RNDC's Sazerac inventory in the Terminated States after December 30, 2022, Sazerac indicates that it will designate Jake Wenz and Mitch Federman to discuss Sazerac's understanding of this topic—RNDC's demands that Sazerac purchase or have its successor distributors purchase RNDC's inventory of Sazerac products. RNDC clarifies for Sazerac that this topic also includes Sazerac's discussions with the successor distributors about the sale or transfer of RNDC's Sazerac inventory. RNDC seeks confirmation from Sazerac that Mitch Federman and Jake Wenz, as Sazerac's 30(b)(6) designees, will be permitted to testify about such communications.

9. In response to Topics 22 and 23, seeking details on Sazerac's implementation of the MDM/MDR Program and concerns, complaints, or issues raised about the program internally at Sazerac or by third-parties, Sazerac indicates that it will designate Jake Wenz and Mary Tortorice to testify on Sazerac's general implementation of the program and concerns, complaints, or issues raised only by RNDC. Sazerac's narrowing is

Gregory S. Tamkin, Esq.
November 1, 2023
Page 4

NORTON ROSE FULBRIGHT

improper, as concerns, complaints, or issues about the program raised by others besides RNDC are relevant to, among others, RNDC's claims of fraudulent inducement, tortious interference, and negligence per se and affirmative defense of unclean hands. RNDC seeks confirmation from Sazerac that Jake Wenz and Mary Tortorice, as Sazerac's 30(b)(6) designees, will be permitted to testify about concerns, complaints, or issues raised about the MDM/MDR Program internally at Sazerac or by third-parties.

10. In response to Topic 28, seeking details on any review, investigation, and/or inquiry by any government agency related to Sazerac's MDM/MDR Program, Sazerac's marketing and/or merchandising practices, Sazerac's VMI system, and/or Sazerac's allocation practices, Sazerac indicates that it will not designate a 30(b)(6) representative. Sazerac's refusal to designate a representative is improper, as the requested information is relevant to RNDC's claims, among others, of fraudulent inducement, tortious interference, and negligence per se and affirmative defense of unclean hands. RNDC seeks confirmation from Sazerac that it will designate a representative to handle this topic.

11. In response to Topic 33, seeking details on Sazerac's profits and losses in markets previously served by RNDC from January 1, 2020 through the present, Sazerac indicates that it will not designate a 30(b)(6) representative. Sazerac's refusal to designate a representative is improper, as the requested information is relevant to defending against Sazerac's claim that "over the past several years, RNDC's performance as a distributor grew worse and worse" as a basis for Sazerac terminating its relationship with RNDC. *See* Complaint ¶ 1. RNDC seeks confirmation from Sazerac that it will designate a representative to handle this topic.

## II.    Issues with Sazerac's Production Format

1. RNDC understands Sazerac's efforts to prepare for and execute the termination of its relationship with RNDC were internally referred to as "Project Ares." *See* Sazerac-KY_00118259. Sazerac has failed to produce a number of highly relevant materials concerning "Project Ares," responsive to, at least, RNDC's RFP No. 15, because they appear to be located in linked sharefile locations. *See e.g.*, Sazerac-KY_00002762 (linking slipsheet Sazerac-KY_00002770). RNDC requests that Sazerac produce the materials related to "Project Ares" responsive to RNDC's RFPs that have not yet been produced, including those materials located in the "PROJECT ARES MASTER SHAREPOINT FOLDER (managed by Jodi Rosenzweig of Deloitte)," as referenced in Sazerac-KY_00009035.

2. Approximately 16,000 individual Teams messages produced by Sazerac have not been Bates-labelled in chronological date and time order, which complicates contextual review and will lead to problems for the Parties in the event that either Party seeks to use a multiple-message thread as an exhibit (individual messages would need to be ordered as single pages with non-sequential Bates labels). RNDC requests that these Teams message documents be reproduced in the ordinary course of business by re-organizing and labeling using sequential Bates numbering in chronological order.

137906839.1

Gregory S. Tamkin, Esq.
November 1, 2023
Page 5

NORTON ROSE FULBRIGHT

Respectfully,

Richard S. Krumholz

RSK

NORTON ROSE FULBRIGHT

137906839.1